IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith C. Mitchell, ) | C/A No. 3:10-2458-MJP-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| United Parcel Service, *UPS*; Local 509, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, who is self-represented has filed this action alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. Defendant Local 509 filed a motion for summary judgment on December 28, 2010, pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 30.) As the plaintiff is proceeding *pro se*, the court entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) on December 29, 2010, advising the plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. (ECF No. 33.) The plaintiff was specifically advised that if he failed to respond adequately, the defendant's motion may be granted, thereby ending his case.

On January 5, 2011, Defendant Local 509 filed a second motion for summary judgment.[1] (ECF No. 38.) The court entered a second order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) on January 7, 2011, again advising the plaintiff of the need for him to file an adequate response. (ECF No. 40.)

On February 1, 2011, the plaintiff filed a motion requesting additional time to respond to the defendant's motions. (ECF No. 45.) The court granted the plaintiff's motion by docket text order,

---

[1] Defendant Local 509's second motion for summary judgment appears to be identical to its first motion but contains different attachments.

extending his time in which to respond by approximately sixty days.  (ECF No. 46.)  The mailing containing this order was returned to the Clerk of Court as undeliverable.[2]  (ECF No. 49.)  On March 16, 2011, the plaintiff filed a motion requesting an amendment to the Scheduling Order.  (ECF No. 59.)  The plaintiff's motion did not request an extension of his April 11, 2011 deadline to file a response to the defendant's motions, but the plaintiff did provide the court with an updated address.

The plaintiff's response deadline has now expired and notwithstanding the specific warning and instructions set forth in the court's Roseboro orders, the plaintiff has failed to respond to the motions.  As such, it appears to the court that he does not oppose the motions and wishes to abandon this action.

Based on the foregoing, it is

**ORDERED** that the plaintiff shall advise the court as to whether he wishes to continue with this case and to file a response to the defendant's motions for summary judgment within fourteen (14) days from the date of this order.  Plaintiff is further advised that if he fails to respond, **this action will be recommended for dismissal with prejudice for failure to prosecute.**  See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 13, 2011
Columbia, South Carolina

---

[2] The court observes that the plaintiff was specifically advised of his obligation to keep the court apprised of his current address and the consequences of failing to do so.  (See ECF No. 9.)