IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Keith C. Mitchell, | ) | C/A No. 3:10-2458-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| United Parcel Service, *UPS*; Local 509, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Keith C. Mitchell ("Mitchell"), filed this action arising out of his former employment with Defendant UPS. Mitchell's Complaint appears to assert employment claims against UPS and violation of the collective bargaining agreement against Teamsters Local 509. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Defendant Local 509's motion for summary judgment.[1] (ECF Nos. 30 & 38.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Mitchell of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motions. (ECF Nos. 33 & 40.) Mitchell filed a response and affidavit. (ECF No. 75.) Having reviewed the parties' submissions and the applicable law, the court finds that Defendant Local 509's motion should be granted.

---

[1] Defendant Local 509 filed a second motion for summary judgment on January 5, 2011. This motion appears to be identical to its first motion for summary judgment but contains different attachments.

Page 1 of 7



DISCUSSION

A.   **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine dispute of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine dispute for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that

the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Mitchell's Claims Against Local 509**

    **1.     Title VII Claims**

To the extent Mitchell attempts to assert Title VII race discrimination claims against Local 509, they are procedurally barred, as Mitchell did not file an administrative charge against Local 509 with the Equal Employment Opportunity Commission ("EEOC"). The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint. King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir. 1976) (stating that a subsequent civil suit "may encompass only the 'discrimination stated in the [EEOC] charge itself or developed in the course of a reasonable investigation of that charge' ") (quoting Equal Employment Opportunity Comm'n v. Gen. Elec. Co., 532 F.2d 359, 365 (4th Cir. 1976)); see also Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) ("A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit."). Only those claims stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) (affirming the district court's dismissal of some of the plaintiff's claims because they were outside the scope of her original EEOC charge and were therefore time barred).

    The Fourth Circuit has emphasized:

> The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent . . . lawsuit. Rather, Congress intended the exhaustion requirement to serve the primary purposes of notice and



> conciliation. First, an administrative charge notifies the employer of the alleged discrimination. This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions. It also prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning. Second, the exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved.

Chacko v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005) (citations omitted). "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002) (internal quotation marks and citations omitted). Therefore, a discrimination suit "is limited to discrimination charged in the report to the EEOC or to discrimination actually found by the EEOC upon investigation of the original charge." Stehle v. Gen. Mills Rest., Inc., 875 F. Supp. 320, 323 (D.S.C. 1994) (Title VII). When a discrimination claim "exceed[s] the scope of the EEOC charge and any charge that would naturally have arisen from an investigation thereof," it is procedurally barred. Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (Title VII).

In this case, Mitchell failed to exhaust his administrative remedies with regard to any Title VII claim he may be asserting against Local 509. In response to Local 509's motion for summary judgment, Mitchell attaches a notice of receipt indicating that a charge has been filed against Defendant United Parcel Service and the subsequent Notice of Right to Sue on that charge. (See ECF No. 75-2 at 2-3.) Moreover, James Todd, a Business Agent for Local 509, attests that "Mitchell never filed an EEOC charge against Local 509. As the business agent who represented Mr. Mitchell [in his union grievances] I would have been involved in responding to any EEOC investigation into the charge. Neither I nor Local 509 was ever informed of any charge filed by Mr. Mitchell." (Todd

Aff. ¶ 4, ECF No. 30-1 at 2.)  Accordingly, not only does it appear that Local 509 was not named in any charge at the EEOC, but there is no indication that it was identified through any investigation by the EEOC.[2]  See, e.g., Bethea v. Potter, No. 08 Civ. 2789, 2009 WL 1726285, at *3 (S.D.N.Y. June 18, 2009) (holding that any claim raised against the union must be dismissed where the EEOC charge was only filed against the plaintiff's employer, the United States Postal Service).

### 2.     Remaining Claims

Mitchell's allegations against Local 509 appear to sound in contract based on the collective bargaining agreement and center on his complaints that Local 509 did not zealously represent his interests in his employment dispute with UPS.  (See generally Compl., ECF No. 1 at 3-5.)  In the relief section of his Complaint, Mitchell seeks for Local 509 "to enforce their contract terms and conditions" and to pay his attorneys' fees.  (Compl. Part IV, ECF No. 1 at 5.)  As such, his claims against Local 509 appear to be governed by 29 U.S.C. § 185(a) or 29 U.S.C. § 159(a).     Claims arising under these provisions are subject to a six-month statute of limitations.  See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 170 (1983); Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991).  This limitations period applies to so-called "hybrid" claims that are brought against both the employer and the union, and to non-hybrid claims against the union based on a breach of the duty of fair representation.  Id.  Such claims are independent of an employee's Title VII claims and the limitations period for one type of claim is not tolled by the exercise of the employee's rights under the other.  See Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO,

---

[2] Further, there is no indication of any evidence that would establish an identity of interest between United Parcel Service and Local 509 such that Local 509 would have notice of the charge or that they would be necessary in the EEOC proceedings.  Cf. Vital v. Interfaith Med. Ctr., 168 F.3d 615, 620 (2d Cir. 1999) (applying several factors and holding that there was no identity of interest between the former employer and the union); Faragalla v. Douglas Cnty. Sch. Dist. RE 1, 411 Fed. Appx. 140, 158-59 (10th Cir. 2011) (same).



Local 690 v. Robbins & Myers, Inc., 429 U.S. 229, 236 (1976) (Title VII deadline not tolled by grievance proceedings under the collective bargaining agreement); Reed v. United States Postal Serv., 288 Fed. Appx. 638, 641 (11th Cir. 2008) (unpublished) (*per curiam*) (six-month deadline to file a claim under the collective bargaining agreement not tolled by the filing of an administrative charge with the EEOC under Title VII). Accordingly, Mitchell's argument that he received a right-to-sue letter from the EEOC and then filed this action within the time prescribed therein does not avail him as to his claims against Local 509 regarding an alleged violation of the collective bargaining agreement.

## RECOMMENDATION

Mitchell's claims against Defendant Local 509 are barred. Accordingly, the court recommends that Defendant Local 509's motions for summary judgment (ECF Nos. 30 & 38) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 16, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).