IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Keith C. Mitchell, | ) | C/A No. 3:10-2458-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| United Parcel Service, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

  The plaintiff, Keith C. Mitchell ("Mitchell"), filed this action arising out of his former employment with Defendant United Parcel Service ("UPS"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 89.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Mitchell of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 91.) Mitchell filed a response in opposition (ECF No. 98) and the defendant filed a reply (ECF No. 99.) Having reviewed the parties' submissions and the applicable law, the court finds that Defendant UPS's motion should be granted.

## BACKGROUND

  By order filed March 22, 2011, the court established a discovery deadline in this case of July 26, 2011. (ECF No. 62.) The defendants served interrogatories and requests for production on Mitchell on February 14, 2011. After receiving no response from Mitchell, the defendant sent Mitchell a letter with the discovery requests attached. On June 9, 2011, the defendant filed a motion

Page 1 of 5

to compel Mitchell to respond to its discovery requests and for attorney's fees. (ECF No. 79.) Mitchell did not file any opposition to the motion, and the court granted the defendant's motion in part on July 26, 2011, directing Mitchell to fully respond to the defendant's discovery requests by August 9, 2011. Mitchell was specifically warned that "[f]ailure to comply may result in sanctions, including but not limited to dismissal of the Complaint, pursuant to Rule 37(d)(3) (incorporating the sanctions listed in Rule 37(b)(2)(A)(i)-(vi)) of the Federal Rules of Civil Procedure." (ECF No. 81.) On August 16, 2011, the defendant filed a motion to dismiss pursuant to Rule 37, asserting that Mitchell's failure to comply with a court order and his refusal to comply with his discovery obligations warrant dismissal of his case. (ECF No. 89.)

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure provides in part that, if a party fails to obey an order to provide discovery, the court may issue sanctions including dismissal of the action. Fed. R. Civ. P. 37(b)(2)(A). In determining whether dismissal is appropriate under Fed. R. Civ. P. 37, the court must consider the following factors: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the noncompliance caused the adversary, which necessarily includes an inquiry into the materiality of the evidence that was not produced; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Mut. Fed. Savings & Loan v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989).

The defendant argues in support of its motion that Mitchell's refusal to comply with discovery demonstrates bad faith, has unduly prejudiced UPS's defense of this litigation, and constitutes conduct that must be deterred. (See Def.'s Mem. Supp. Mot. Dismiss, ECF No. 89 at 4-5.) Additionally, the defendant argues that Mitchell's failure to respond to repeated communications



from UPS as well as his failure to comply with the court's July 26, 2011 order demonstrate that less drastic sanctions will not be effective.  (Id. at 5.)

Mitchell filed a response to the defendant's motion in which he appears to argue that he complied with the defendant's discovery requests on July 26, 2011 by mailing responses to Local Rule 26.01 Interrogatories and Fed. R. Civ. P. 26(a)(3) Initial Disclosures.  (ECF No. 98 at 1.)  He further states that "the Plaintiff has answered the Interrogatories and Request for Production propounded by the Defendant, United Parcel Service, via its counsel on or before July 26, 2011." (Id. at 2.)  Mitchell requests that a new scheduling order be issued so as to allow his new legal counsel to prosecute his case.[1]  Although Mitchell's response refers to certificates of service and an affidavit, no such documents are included in Mitchell's filing.

The defendant counters that Mitchell's responses Local Rule 26.01 Interrogatories and Initial Disclosures do not relieve him of his responsibility to respond to written discovery propounded by the opposing party.  The defendant denies receiving any discovery responses from Mitchell and provides a declaration to that effect.  (Gartland Decl. ¶¶ 3-6, ECF No. 99-1 at 4-5.)

The record in this case shows that Mitchell has failed to cooperate in the discovery process of this lawsuit despite good faith efforts by the defendant and despite repeated instructions by the court to do so.  See Fed. R. Civ. P. 37(b)(2)(A); see also Fed. R. Civ. P. 41(b).  Mitchell has failed to refute the defendant's assertions or provide this court with good cause as to his failure to cooperate in the discovery process or comply with the court's July 26, 2011 order.

---

[1] Mitchell filed his response on September 19, 2011.  As of the date of this Report and Recommendation, no counsel has filed a notice of appearance or otherwise made an appearance on behalf of Mitchell.

PJG

## RECOMMENDATION

Accordingly, the court recommends that the defendant's motion to dismiss be granted and that this action be dismissed with prejudice pursuant to Rule 37 of the Federal Rules of Civil Procedure.  See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990).  The court further recommends that Defendant UPS be awarded reasonable attorney's fees incurred in preparing and filing its motion to dismiss and reply brief.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 25, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

Page 4 of  5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).